UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ROBERT HILDERBRANDT,

               Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
THOMPSON (Shield No. 2354), 100th Precinct,
and POLICE OFFICER "JOHN DOE", 100th
Precinct,

              Defendants.

-------------------------------------------------------X

Docket No.: CV13-1955

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

ROSS, J.

POHORELSKY, M.J.

    Plaintiff ROBERT HILDERBRANDT, by his attorney, Kathy A. Polias, Attorney-at-

Law, complaining of Defendants CITY OF NEW YORK, POLICE OFFICER THOMPSON

(Shield No. 2354), 100th Precinct, and POLICE OFFICER "JOHN DOE", 100th Precinct, alleges

as follows:

## NATURE OF ACTION

    1.    This action is brought by Plaintiff Robert Hilderbrandt to remedy: Defendants'

arrest and imprisonment of Plaintiff, while acting under color of State law, without probable or

reasonable cause, in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth

Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' false arrest and

imprisonment of Plaintiff, in violation of common law; Defendants' excessive use of force

against Plaintiff, while acting under color of State law, in violation of the Fourth and Fourteenth

Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983; Defendants' assault and battery

of Plaintiff, in violation of common law; Defendants' retaliation against Plaintiff, while acting

under color of state law, for exercising his freedom of speech, in violation of Plaintiff's rights under the First Amendment to the U.S. Constitution and 42 U.S.C. Sec. 1983.

## JURISDICTION AND VENUE

2.      Jurisdiction is specifically conferred upon this Court by 42 U.S.C Sec. 1983. This Court has pendent and supplemental jurisdiction over the state law/common law claims as the facts that form the basis of the state law/common law claims are identical to the facts that form the basis of the federal claims.

3.      Venue is proper because the events complained of herein occurred in the County of Queens, which is within the Eastern District of New York.

## PARTIES

4.      At all times relevant and material to this action, Plaintiff Robert Hilderbrandt was a resident of the State of New York, within the jurisdiction of this Court.

5.      At all times relevant and material to this action, Defendant The City of New York was a municipal incorporation incorporated under the laws of the State of New York.

6.      At all times relevant and material to this action, Defendant Police Officer Thompson (Shield No. 2354) was employed by Defendant City of New York and was assigned to the 100th Precinct at 92-24 Rockaway Beach Blvd., Queens, NY 11693.

7.      At all times relevant and material to this action, the individual Defendants were acting as agents of Defendant City of New York under the principal-agent/*respondeat superior* theory.

8.      At all times relevant and material to this action, the individual Defendants were acting pursuant to Defendant City of New York's policy, practice, and custom.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

2

9.      Plaintiff filed a Notice of Claim against Defendant City of New York with the New York City Comptroller's Office for the common law claims asserted in this action. Plaintiff did so within 90 days of the accrual of those causes of action.

## FACTUAL ALLEGATIONS

10.     In January 2012, Plaintiff was the Manager and Head of Security at the Baxter Hotel at 160 Beach 116th Street, Rockaway Park, New York 11694. He also lived there. On January 9, 2012, Plaintiff was sitting in his office on the first floor of the building when he saw through the window Defendants Police Officer Thompson and Police Officer "John Doe" drive up to the front of the building in a police car. He also saw the tenant in Room 26 on the 4th Floor run down the stairs. Plaintiff figured that the tenant in Room 26 was the person who called the police.

11.     Because Plaintiff was the Manager and Head of Security for the building, he went up to the tenant's apartment to find out what the problem was. When he reached the fourth floor, he found the taller of Defendant Police Officers inside the tenant's apartment and the shorter of the Defendant Police Officers standing outside the apartment in the hallway. Plaintiff asked what was going on. One of Defendant Police Officers responded that it was none of his business. Plaintiff was also told not to enter the apartment and he readily complied and stayed in the hallway. Plaintiff told Defendant Police Officers that he was the Manager and in charge of security for the building. After a brief verbal exchange, one of Defendant Police Officers told Plaintiff that the tenant's television had been stolen. Plaintiff said that it was not a problem because there was a security camera at the end of the hall (which was only about two doors away from the tenant's apartment) and the police could see who did it from the camera. Plaintiff was offering assistance to Defendant Police Officers. Plaintiff looked at and pointed at the camera.

3

The shorter of Defendant Police Officers (the one standing in the hallway) said that he was tired of Plaintiff's arrogance and suddenly both of Defendant Police Officers pulled Plaintiff's arms behind his back and handcuffed him. They then roughly bounced him back and forth off the walls of the hallway without any justification or provocation. Plaintiff verbally protested the excessive force that was being used against him. Plaintiff walked down the stairs with the two Defendant Police Officers behind him. Defendant Police Officers did not read him his *Miranda* rights.

12.     Many of the tenants in this building which Plaintiff managed and where Plaintiff lived saw him being arrested, as did many of the individuals who reside, have businesses, and work around the building. When Plaintiff reached the outside of the building, many neighbors were gawking. Plaintiff experienced untold embarrassment and humiliation. The two Defendant Police Officers put Plaintiff in a police car driven by a third Police Officer. Plaintiff had to lie down in the back of the car. Plaintiff was driven to the 100th Precinct. It wasn't until he was in the Precinct that an officer – the Desk Officer – recited to him his *Miranda* rights. Plaintiff was fingerprinted at the Precinct and placed in a holding cell. After about two hours, Plaintiff was handcuffed and taken by two other officers to Central Booking. The Police Officer who had fingerprinted him at the 100th Precinct had told him to put a cream/ointment on his hands to facilitate the fingerprinting process. The residue from the cream/ointment caused the handcuffs to stick to his hands and his hands became swollen, bluish, and numb.

13.     After around a total of 9 hours imprisonment, Plaintiff was taken before a judge in Queens County Criminal Court in the case *The People of the State of New York v. Robert Hilderbrandt*, Docket Number: 2012QN001457. The Court told him that he could go home and

4

that he should be good for six months.  Plaintiff was not aware that the criminal case was adjourned contemplating dismissal until after he was released.

14.    Plaintiff was denied his liberty and freedom for about nine hours by Defendants without probable or reasonable cause and without due process. He has suffered a great deal of emotional, mental, and physical distress as a result of Defendants' actions. Defendants' actions embarrassed and humiliated him in front of the tenants in the building which he managed and in which he lived and in front of numerous neighbors whom he saw on a regular basis. In addition, Defendants' actions caused Plaintiff to suffer depression, feelings of anger, and sleeplessness and have resulted in Plaintiff isolating himself from others and avoiding going outside. He also suffered a great deal of pain and a decrease in strength and mobility in his shoulders as a result of the pressure of the handcuffs.

## AS FOR A FIRST CAUSE OF ACTION

15.    Plaintiff repeats and re-alleges paragraphs 1 through 14 as if each is set forth herein.

16.    In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Thompson and Police Officer "John Doe", while acting under color of State Law, arrested and imprisoned Plaintiff, without probable cause to believe that he had committed any crimes and without due process. Defendants thereby violated Plaintiff's rights under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SECOND CAUSE OF ACTION

17.    Plaintiff repeats and re-alleges paragraphs 1 through 16 as if each is set forth

herein.

18.      In violation of common law, Defendants Police Officer Thompson and Police

Officer "John Doe", while acting as agents of Defendant City of New York, falsely arrested and

imprisoned Plaintiff without probable or reasonable cause to believe that he had committed any

crimes and without due process. Defendants' actions were wanton, malicious, gross, and with

reckless disregard of Plaintiff's rights.

**AND AS FOR A THIRD CAUSE OF ACTION**

19.      Plaintiff repeats and re-alleges paragraphs 1 through 18 as if each is set forth

herein.

20.      In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Thompson and

Police Officer "John Doe", while acting under color of State Law, used excessive and objectively

unreasonable force against Plaintiff at the scene of the arrest. Defendants thereby violated

Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, while

acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with

reckless disregard of Plaintiff's rights.

**AND AS FOR A FOURTH CAUSE OF ACTION**

21.      Plaintiff repeats and re-alleges paragraphs 1 through 20 as if each is set forth

herein.

22.      In violation of common law, Defendants Police Officer Thompson and Police

Officer "John Doe", while acting as agents of Defendant City of New York, assaulted and

battered Plaintiff at the scene of the arrest. Defendants' actions were malicious, wanton, gross,

and with reckless disregard of Plaintiff's rights.

6

## AND AS FOR A FIFTH CAUSE OF ACTION

23.     Plaintiff repeats and re-alleges paragraphs 1 through 22 as if each is set forth herein.

24.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Thompson and Police Officer "John Doe", while acting under color of State Law, arrested and imprisoned Plaintiff in retaliation for statements that he made to them while he was outside of the tenant's apartment. Defendants thereby violated Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SIXTH CAUSE OF ACTION

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each is set forth herein.

26.     In violation of 42 U.S.C. Sec. 1983, Defendants Police Officer Thompson and Police Officer "John Doe", while acting under color of State Law, used excessive force against Plaintiff and assaulted and battered Plaintiff in retaliation for statements that he made to them while he was outside of the tenant's apartment. Defendants thereby violated Plaintiff's rights under the First Amendment to the U.S. Constitution, while acting under color of State Law. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A SEVENTH CAUSE OF ACTION

27.     Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each is set forth herein.

7

28.    In violation of common law, Defendants Police Officer Thompson and Police Officer "John Doe", while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of arresting and imprisoning him without probable or reasonable cause to believe that he had committed any crimes and to retaliate against him for his exercise of his freedom of speech. Such actions were calculated to cause, and were likely to cause, emotional distress in Plaintiff and did in fact cause emotional distress in Plaintiff. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

29.    Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each is set forth herein.

30.    In violation of common law, Defendants Police Officer Thompson and Police Officer "John Doe", while acting as agents of the City of New York, intentionally inflicted emotional distress on Plaintiff by engaging in the extreme and outrageous conduct of using excessive force against him and assaulting and battering him, at least in part to retaliate against him for his exercise of freedom of speech. Such actions were calculated to cause, and were likely to cause, emotional distress in Plaintiff and did in fact cause emotional distress in Plaintiff. Defendants' actions were malicious, wanton, gross, and with reckless disregard of Plaintiff's rights.

## AND AS FOR A NINTH CAUSE OF ACTION

31.    Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each is set forth herein.

8

32.    The individual Defendants' violations of Plaintiff's constitutional/federal rights in the First, Third, Fifth, and Sixth Causes of Action were perpetrated pursuant to the following policies, practices, and procedures of Defendant City of New York.

    i.      Promulgation of a policy to arrest first and ask questions later and to set, and have Police Officers meet, arrest quotas.

    ii.     Failure to train Police Officers in the meaning of probable cause and in the importance of having probable cause to believe an individual has committed a crime before arresting that individual, imprisoning that individual, and charging that individual with crimes.

    iii.    Failure to train Police Officers as to when it is necessary to use force in effectuating arrests and as to avoiding using excessive force;

    iv.    Failure to discipline and take other corrective action against overreaching Police Officers who violate individuals' constitutional and common law rights.

33.    Therefore, Defendant City of New York is jointly and severally liable with Defendants Police Officer Thompson and Police Officer "John Doe" for each of the First, Third, Fifth, and Sixth Causes of Action.

## AND AS FOR A TENTH CAUSE OF ACTION

34.    Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each is set forth herein.

35.    Defendants Police Officer Thompson and Police Officer "John Doe" committed the acts complained of in the Second, Fourth, Seventh, and Eighth Causes of Action while acting as agents of Defendant City of New York. Under the common law principal-agent/*respondeat*

*superior* theory, Defendant City of New York is therefore jointly and severally liable with the individual Defendants for those causes of action.

**WHEREFORE,** Plaintiff requests judgment as follows:

Against Defendant City of New York, Defendant Police Officer Thompson, and Defendant Police Officer "John Doe", jointly and severally, for each of the First and Fifth Causes of Action.

i.       General and compensatory damages for Plaintiff's loss of freedom and liberty for about nine hours and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

ii.      Punitive damages, in an amount to be determined at trial and in accordance with evidence;

iii.     Reasonable attorneys' fees and the costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York, Defendant Police Officer Thompson, and Defendant Police Officer "John Doe", jointly and severally, for each of the Third and Sixth Causes of Action.

i.       General and compensatory damages for the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

ii.      Punitive damages, in an amount to be determined at trial and in accordance with evidence;

iii.     Reasonable attorneys' fees and the costs and disbursements of this action; and

10

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York, Defendant Police Officer Thompson, and Defendant Police Officer "John Doe" for each of the Second and Seventh Causes of Action, jointly and severally:

i.      General and compensatory damages for Plaintiff's loss of freedom and liberty for nine hours and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

iii.    The costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

Against Defendant City of New York, Defendant Police Officer Thompson, and Defendant Police Officer "John Doe" for each of the Fourth and Eighth Causes of Action, jointly and severally:

i.      General and compensatory damages for the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions in an amount to be determined at trial and in accordance with evidence;

ii.     Punitive damages in an amount to be determined at trial and in accordance with evidence;

iii.    The costs and disbursements of this action; and

iv.     Such other relief as Plaintiff may be shown entitled to.

11

Dated: Brooklyn, New York
       April 8, 2013

By:     *Kathy Polias*

Kathy A. Polias
Attorney-at-Law
*Attorney for Plaintiff Robert Hilderbrandt*
155 Water Street
Brooklyn, NY 11201
Tel. No.: (718) 514-2062

12